FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX VENTURA-DE NERIO; KRISSIA YAHMILET NERIO-VENTURA; WILLIAM ALEXANDER NERIO-VENTURA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71321 <br><br> Agency Nos.     A094-932-948 <br>                   A094-932-949 <br>                   A094-932-951 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Felix Ventura-De Nerio, Krissia Yahmilet Nerio-Ventura, and William

Alexander Nerio-Ventura, natives and citizens of El Salvador, petition for review

of the Board of Immigration Appeals' order dismissing their appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and we deny the petition for review.

The record does not compel the finding that the government of El Salvador was or would be unwilling or unable to control the individuals petitioners fear. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). The record does not support petitioners' contention that the agency failed to consider evidence or engaged in speculation. Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of petitioners' CAT claims because petitioners failed to establish it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). The record does not support petitioners' contention that the agency engaged in speculation or failed to consider their CAT claims properly. Finally, we reject petitioners'

contention that the background documents compel reversal of the agency's CAT

determination.

**PETITION FOR REVIEW DENIED.**